IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID PITLOR,<br><br>              Plaintiff,<br><br>vs.<br><br>CHARLES SCHWAB & CO., INC.,<br><br>              Defendant. | **8:18CV196**<br>**8:19CV95**<br><br>**ORDER** |

      Defendant's Motion to Compel Arbitration was granted in Case No. 8:18-cv-196 on June 13, 2018. The case was stayed, the parties were ordered to proceed to arbitration, and they were ordered to file a joint status report regarding the progress of the proceedings every 90 days beginning September 12, 2018. (8:18-cv-196, Filing No. 26). Plaintiff's most recent status report, filed December 9, 2019, indicates he anticipated he would be finished cataloguing documents within 1-2 weeks of that report, and planned to "file the <u>Statement of Claim</u> immediately upon completion." (8:18-cv-196, Filing No. 42). Defendant's most recent status report in 8:18-cv-196, filed March 5, 2020, states that defense counsel provided Plaintiff with a copy of a proposed joint status report, but counsel received no response from Plaintiff. The report states that as of March 5, 2020 Plaintiff had not yet filed a Statement of Claim initiating arbitration with FINRA. (Filing No. 43 at CM/ECF p. 1).

      Defendant's Motion to Compel Arbitration was granted in Case No. 8:19-cv-95 on May 10, 2019. As in Case No. 8:18-cv-196, the court stayed Case No. 8:19-cv-95, and the parties were ordered to proceed to arbitration and to file a joint status report regarding the progress of those proceedings every 90 days beginning September 12, 2019. (8:19-cv-95, Filing No. 17).

Plaintiff's most recent status report, filed December 20, 2019, states that in the process of preparing the Statement of Claim to be submitted to FINRA arbitration, he made "discoveries" that caused him to reassess his next steps in pursuing the resolution of the disputes. He states he intended to file a complaint in Federal Court alleging racketeering activity committed by an "enterprise comprised of Defendants, Kutak Rock, TD Ameritrade, and Charles Schwab." (8:19-cv-95, Filing No. 30). Plaintiff acknowledges that he had been notified that sanctions would be imposed against him if he filed additional documents in this court in an attempt to litigate rather than arbitrate issues within the scope of the parties' arbitration clause. (8:19-cv-95, Filing No. 19). His status report indicates he is "committed to arbitrating the EFTA and other claims presented in the previously filed complaints versus Charles Schwab." (8:19-cv-95, Filing No. 30) However he alleged his ability to bring certain claims to arbitration is limited because there was no arbitration agreement between him and the law firm representing Defendant and because arbitration may have a "preclusive effect on the claims involving Defendants and circumstances that are not subject to the arbitration agreements." (Id. at CM/ECF p. 2).

Defendant's most recent status report in 8:19-cv-95, filed March 10, 2020, states that counsel provided Plaintiff with a copy of a proposed joint status report, but counsel received no response from Plaintiff. The report states that as of March 10, 2020 Plaintiff had not yet filed a Statement of Claim initiating arbitration with FINRA. (8:19-cv-95, Filing No. 31).

To summarize, arbitration was ordered nearly two years ago in 8:18-cv-196, and nearly one year ago in 8:19-cv-95, but Plaintiff has failed to initiate any claim for arbitration.

Accordingly,

IT IS ORDERED that Plaintiff shall file a status report by June 12, 2020 stating that arbitration has been initiated in each of the captioned cases or adequately explaining why it has not been. The failure to timely file a status report will result in dismissal of Plaintiff's federal lawsuits without further notice.

Dated this 12th day of May, 2020.

                                                  BY THE COURT:

                                                  *s/ Cheryl R. Zwart*
                                                  United States Magistrate Judge