IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID PITLOR,<br><br>        Plaintiff,<br><br>v.<br><br>CHARLES SCHWAB & CO., INC.,<br>        Defendant. | 8:18CV196<br>8:19CV95<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on defendant Charles Schwab & Co., INC.'s,[1] (hereinafter "Schwab")[2] motion to dismiss pursuant to Fed. R. Civ. P. 41(b)[3]. Filing No. 46. Plaintiff brought this lawsuit contending, among other things, breach of contract, defalcation, fraudulent misrepresentation/concealment, and negligent misrepresentations. Filing No. 6. The Court ordered that arbitration occur and be conducted by September 12, 2018 for 8:18-cv-196 (Filing No. 26 ) and September 12, 2019 for 8:19-cv-95 (Filing No. 17). Schwab argues that plaintiff David Pitlor (hereinafter "Pitlor") has had more than enough time to submit a Statement of Claim and initiate the arbitration process with the Financial Industry Regulatory Authority ("FINRA"), but to date, has failed to do so. Filing No. 46. Pitlor argues that he is committed to arbitrating the dispute with Schwab. Filing No. 45. Pitlor further argues that he wants to submit a product that is representative of his best efforts and that he anticipates two weeks will be enough time to assemble everything properly. Id. Pitlor also now claims in a newly filed

---

[1] All CM/ECF citations refer to filings in 8:18cv196 unless otherwise specified.
[2] On June 13, 2018, the Court granted Schwab's Motion to Substitute Defendant (Filing No. 10), substituting Charles Schwab Corporation with Charles Schwab & Co., Inc. and ordering the caption on all docket filings to reflect this substitution. Filing No. 26.
[3] On March 5, 2019, Pitlor initiated a new lawsuit by filing another complaint against Schwab (*Pitlor v. Charles Schwab & Co., Inc.*, Case No. 8:19-CV-00095-RFR-SMB). See Filing No. 36. Schwab now request the Court dismiss both of Pitlor's cases against Schwab for failing to prosecute. Filing No. 46 at 4.

1

complaint "that TD Ameritrade directly interfered with [his] Schwab account" and characterizes this as a "conspiracy" between Schwab and TD Ameritrade, that prevented Pitlor from making this claim previously. Filing No. 47. Accordingly, Pitlor requests that the Court deny Schwab's motion to dismiss or to first consider Schwab's answer to Pitlor's newly filed complaint prior to entering a judgment. *Id.*

I. BACKGROUND

Pitlor opened a brokerage account with Schwab in February of 2018. Filing No. 1-1, Complaint, at 5. Disagreements soon arose concerning Pitlor's account funds and the transactions Pitlor made using his account. Filing No. 26. On April 25, 2018, Schwab terminated Pitlor's account. *Id.*

On May 2018, Pitlor, appearing pro se, Filing No. 1, filed a complaint against Schwab. Filing No. 6. Schwab filed a motion to compel arbitration, which the Court granted on June 13, 2018. Filing No. 26.[4] The Court found that Pitlor "fail[ed] to carry his burden and demonstrate that arbitration is improper due to unconscionability." *Id.* As a result, the Court ordered the parties to proceed to arbitration pursuant to an arbitration clause in the Account Agreement and Application Agreement between Pitlor and Schwab. *Id.* The Court further ordered that "[b]eginning on September 12, 2018, and every 90 days thereafter, the parties shall file a joint status report regarding the progress of the arbitration proceedings[.]" *Id.*[5]

On June 14, 2018, one day after the Court ordered the parties to proceed to arbitration, Pitlor filed a "Motion for Court to Issue Prompt Response," Filing No. 27, and

---

[4] The Court also granted Schwab's motion to compel arbitration in the March 5, 2019 lawsuit Pitlor filed against Schwab. *See* 8:19-CV-95, Filing No. 17 at 6.
[5] The Court also ordered to file a joint status report regarding the progress of the arbitration proceedings every 90 days in the second lawsuit. *See* 8:19-CV-95 Filing No. 17 at 7.

an "Emergency Motion for Immediate Injunctive Relief," Filing No. 28. Pitlor stated, among other things, "I am not going to arbitration" because he needed "immediate relief" since he was "days away from being homeless." *Id.* On the same day, the Court entered an order receiving Pitlor's supplemental evidence and arguments in Filings 27 and 28 "for the purposes of reconsidering the court's order submitting this case to arbitration." Filing No. 30. The Court concluded that the "prior order submitting this case to arbitration remains in effect." *Id.* The Court further stated: "Plaintiff is hereby notified that the undersigned magistrate judge will neither receive further evidence or arguments, nor rule on additional motions to reconsider the prior ruling requiring the parties to submit this case to arbitration." *Id.*

On September 12, 2018, Pitlor filed a "Motion to Reconsider" along with a status report pursuant to the Court's June 13, 2018 Order. *See* Filing No. 26; *see also* Filing No. 31. In his Motion to Reconsider, Pitlor request the Court reconsider the order to compel arbitration and the order of injunctive relief with respect to the new evidence he attached to his motion and for "Schwab's unconstitutional abuses of power that continue to harm" him. Filing No. 31.

On March 5, 2019, Pitlor initiated a new lawsuit by filing another complaint against Schwab (*Pitlor v. Charles Schwab & Co., Inc.*, Case No. 8:19-CV-00095-RFR-SMB). *See* Filing No. 36. On October 2019, Pitlor notified the Court that his employment and licensure exam were occupying his schedule but that he "intend[ed] to promptly file a Statement of Claim and initiate FINRA arbitration proceedings" to resolve both 8:18-CV-196 and 8:19-CV-95 cases. Filing No. 40. On December 2019, Pitlor informed the Court that "arbitration has taken longer than anticipated to prepare due to efforts to

consolidate…the merits of the dispute." Filing No. 42. Pitlor further stated that he "anticipate[d] the lengthy endeavor of cataloguing the screenshots and other record documents to be completed within the next 1-2 weeks and plans to file the Statement of Claim immediately upon its completion." Id.

Every status report from Schwab since December 2018 to present (September 1, 2020), indicates that Pitlor has not filed a Statement of Claim to initiate the arbitration process with FINRA. See Filing Nos. 32, 34, 36-37, 39, 41, 43, & 49. Consequently, on May 12, 2020, the Court ordered Pitlor to file a status report by June 12, 2020 "stating that arbitration has been initiated….or adequately explain why it has not been." Filing No. 44. The Court further stated that "[t]he failure to timely file a status report will result in dismissal of Plaintiff's federal lawsuits without further notice." Id.

On June 12, 2020, Pitlor filed a status report. Filing No. 45. Pitlor stated that he has been "working tirelessly for the past 7 months working on this complaint" and "non-stop for the past several weeks trying to finish." Id. at 1. He "desire[s] to submit a finished product that is representative of…[his] best efforts," and "refuse[s] to try to jam into 8 hours of work what… [he] anticipate[s] will take about 2 weeks to assemble properly." Id. He further stated that "[w]hat remains to be completed is largely formatting, references, and the like" and that he "remain[ed] committed to arbitrating the dispute with Schwab that was ordered to be resolved in arbitration." Id.

Schwab now request the Court dismiss both of Pitlor's cases against Schwab for failing to prosecute. Filing No. 46.

II. DISCUSSION

Fed. R. Civ. P. 41(b) explains that

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

"The Eighth Circuit has long held dismissal for failure to prosecute is well within the court's discretion." Lund v. Matthews, No. 8:13CV144, 2014 WL 2681703, at *2 (D. Neb. June 11, 2014) (citing Roberts v. Missouri Div. Of Employment, 636 F.2d 249, 250 (8th Cir. 1980)).

Pursuant to Fed. R. Civ. P. 41(b), the Court finds it appropriate to dismiss this action. Pitlor has had more than enough time to submit a Statement of Claim to initiate the arbitration process with FINRA. Arbitration was ordered more than two years ago in 8:18-cv-196 (Filing No. 26), and more than one year ago in 8:19-cv-95 (Filing No. 17), yet Pitlor has failed to file a Statement of Claim to initiate the arbitration process with FINRA. See Filing Nos. 32, 34, 36-37, 39, 41, 43, & 49. The Court also notes that dismissal is warranted because all of Pitlor's claims are subject to arbitration pursuant to an arbitration clause in the Account Agreement and Application Agreement between Pitlor and Schwab (finding "that the claims at issue in this matter are within the scope of the parties' broad agreement to arbitrate as they ""aris[e] out of" and "relat[e] to" the Account Agreement, transactions in Plaintiff's Schwab account, and Plaintiff's relationship with Schwab"). Filing No. 26.

5

In regard to Pitlor's newly filed complaint against Schwab, the Court finds that it need not address this complaint because Pitlor was instructed that the Court will refuse to receive further evidence or arguments.  Filing No. 30.  However, even if the Court entertains Pitlor's new complaint against Schwab, the Court finds that Pitlor has failed to explain how the new complaint is not subject to the arbitration clause.  Indeed, this Court previously concluded that the arbitration agreement had broad language because it included language like "arising out of" or "relating to" the Account Agreement transactions in Pitlor's Schwab account and relationship with Schwab.

THEREFORE, IT IS ORDERED:

1. Schwab's motion to dismiss 8:18-cv-196  (Filing No. 46) is granted.
2. Schwab's motion to dismiss 8:19-cv-95 (Filing No. 34) is granted.

Dated this 18th day of September, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge